UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL ELDER, ) | Case No: 1:13 CV 1244 |
| ) | |
| Petitioner ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| STATE OF OHIO, *et al.*, ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants ) | |

On June 5, 2013, *pro se* petitioner Emmanuel Elder, a pretrial detainee being held at the Lake County Jail pending proceedings on the charge of failure to comply with order or signal of police officer, see *State v. Elder*, Cuyahoga County Court of Common Pleas Case No. CR-13-573101, http://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Summary, filed this case for habeas corpus and mandamus relief. On July 30, 2013, he filed an amended habeas corpus petition (ECF No. 8) and an amended petition for writ of mandamus. (ECF No. 7). For the following reasons, the court finds the petitions are not well-taken.

Petitioner, who seeks an order releasing him and dismissing the pending charges, makes various legal assertions to challenge his incarceration awaiting trial, including: 1) any future conviction would be against the weight of the evidence and based on insufficient evidence; 2) there was no probable cause for his arrest; 3) there was a "judicial usurpation of power" by Cleveland Municipal Court Judge Ronald Adrine when plaintiff was bound over to the Cuyahoga County Court of Common Pleas, violating his rights to equal protection and due process; 5) the police report was altered and was not filed with the Cleveland Clerk of Municipal Court; and 6) plaintiff's public defender has deliberately failed to seek relief based on the foregoing grounds.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) the state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

The three relevant factors supporting abstention are all present here. The issues presented in the petitions are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Petitioner does not make a "substantial allegation" showing that the prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Id. at* 48 (noting that bad faith prosecutions are brought with no intention of securing a conviction or with an intention to harass); *id.* at 53–54 (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Phillips v. Court of Common Pleas, Hamilton County*, 668 F.3d 804, 811 (6th Cir. 2012)(petitioner unable to seek direct review of court's denial of double jeopardy challenge); *Christian v. Wellington*, No. 4:11 CV 2421, 2012 WL 1252953, at 7 (N.D. Ohio Mar. 16, 2012)(same). Further, Ohio's state courts have adequate and effective procedures for review of petitioner's claim either before trial or, in the event he is convicted, through appellate and post-conviction proceedings. Petitioner presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Accordingly, this court abstains from reaching the merits of petitioner's claims.

Based on the foregoing, the petitions for mandamus and habeas are denied, and this action

is dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

/s/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 2, 2013